**KEVIN C. ALLEN, ESQUIRE**                    **ATTORNEY FOR PLAINTIFFS**
**CRYSTLE, ALLEN & BRAUGHT, LLC**
**143 NORTH DUKE STREET**
**LANCASTER, PA 17602**
**ATTORNEY I.D. NO.: 55232**
**PHONE:  717- 393-0600**
**FACSIMILE 717-396-1028**

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION


**LAWRENCE J. KEOHANE, JR. AND**            :
**PATRICIA M.  KEOHANE, ADMINISTRATORS**    :
**FOR THE ESTATE OF JOSEPH P. KEOHANE**     :
    **86 Fox Hollow Road**                  :
    **Pequea, PA 17565**                    :
        **Plaintiff**             :
                                            :    **No.:**
      **v.**                         :
                                            :
**LANCASTER COUNTY**                        :
    **50 N. Duke Street**                   :
    **Lancaster, PA 17602**                :
                                            : **JURY TRIAL DEMANDED**
      **AND**                         :
                                            :
**WARDEN VINCENT GUARINI**                  :
    **625 East King Street**                :
    **Lancaster, PA 17602**                :
                                            :
      **AND**                         :
                                            :
**ROBERT DOE, M.D.**                        :
    **625 East King Street**                :
    **Lancaster, PA 17602**                :
                                            :
      **AND**                         :
                                            :
**CARRIE McWILLIAMS**                       :

1

**625 East King Street**  :
**Lancaster, PA 17602**  :
                         :
**AND**                  :
                         :
**BONNIE BAIR**          :
**625 East King Street** :
**Lancaster, PA 17602**  :
                         :
**AND**                  :
                         :
**TROY WALTZ**           :
**625 East King Street** :
**Lancaster, PA 17602**  :
                         :
**AND**                  :
                         :
**JOHN DOE and RICHARD ROE, UNKNOWN**  :
**CORRECTION OFFICER(S) and PRISON STAFF**  :
**625 East King Street**  :
**Lancaster, Pa 17602**   :
                          :
                          :

## CIVIL ACTION COMPLAINT

**INTRODUCTION**

1.      This is an action for money damages against Lancaster County, Vincent Guarini,

Robert Doe, M.D., Carrie McWilliams, Bonnie Bair, Troy Waltz, John Doe and Richard Roe,

unknown correction officers and staff of the County of Lancaster for violations of Plaintiff's

constitutional rights.

2.      Plaintiffs alleges that Defendants Guarini, Dr. Robert Doe, McWilliams, Bair,

Waltz, and other unknown correction officers and prison staff, John Doe and Richard Roe, were

2

deliberately indifferent to the Decedent's serious medical needs and rather than appropriately attend to his serious medical needs and threats to commit suicide, placed Plaintiff in general population, and failed to monitor him, thereby resulting in his death by hanging.

3.     Plaintiffs further allege that defendants Lancaster County and Vincent Guarini, Warden of the Lancaster County Prison, with deliberate indifference, failed to adequately and properly supervise and train corrections officers and prison staff concerning the care and treatment of mentally ill inmates including the plaintiffs' decedent and this failure was the proximate cause of the death of the Plaintiffs' Decedent, Joseph P. Keohane.

4.     The actions of the Defendants were without legal justification thereby violating Plaintiffs' Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. §§ 12101 et seq.,  and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 37 Pa. Code, § 91.6 *et seq.*   Through the deliberate indifference to the Decedent's serious medical needs and without just cause, Defendant prison staff members violated the laws of the Commonwealth of Pennsylvania, the Rules and Regulations of the Lancaster County Prison and the County of Lancaster, regarding the care and treatment of suicidal inmates.  Plaintiffs alleges that Lancaster County and Warden Vincent Guarini failed to provide training and supervision concerning the rights of inmates and the treatment of mentally ill inmates by corrections officers and prison staff amounting to gross negligence, reckless disregard and deliberate indifference to the safety and lives of the inmates within the prison particularly the Plaintiffs' Decedent Joseph P. Keohane.

5.      Further, Defendants Vincent Guarini and Lancaster County are directly liable and responsible for the acts of all of the Defendants because they repeatedly and knowingly failed to enforce the laws and guidelines of Pennsylvania and the regulations of Lancaster County Prison, failed to provide adequate staffing to assure safety pertaining to the care and treatment of mentally ill inmates thereby creating within the Lancaster County Prison Corrections Department an atmosphere of lawlessness in which prison staff deny medical and psychological care to inmates in the belief that such will be condoned and justified by their superiors.

6.      Plaintiffs files the within Civil Action Complaint and requests judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees pursuant to 42 U.S.C. § 1988 and damages for delay.

**JURISDICTION**

7.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 et seq. and the 4th, 8th and 14th Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiffs further invokes pendant jurisdiction of this Court to consider claims arising under laws of the Commonwealth of Pennsylvania.

**PARTIES**

8.      Plaintiffs, Lawrence J. Keohane, Jr. and Patricia M. Keohane, are the Administrators of the Estate of Joseph P. Keohane, letters of administration having been granted on February 12, 2007, by the Register of Wills of Lancaster County, Pennsylvania.  Plaintiffs are husband and wife, adult individuals, and reside at the above captioned address.

4

9.      Plaintiffs bring this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representatives of Decedent Joseph P. Keohane, on their own behalf, and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent Joseph P. Keohane.

10.     The names and address of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent Joseph P. Keohane are as follows:

| Name | Address | Relationship to Decedent |
|------|---------|--------------------------|
| Lawrence J. Keohane | 86 Fox Hollow Road Pequea, PA 17565 | Father |
| Patricia M. Keohane | 86 Fox Hollow Road Pequea, PA 17565 | Mother |

11.     Upon information and belief, Plaintiffs' decedent had no children living.  The above named beneficiaries are his proper and only surviving heirs and are the only necessary Plaintiffs' in this case.

12.     Plaintiffs bring this action on behalf of Decedent's Estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the Estate as a result of Decedent's death as well as for the pain, suffering, humiliation and inconvenience which Decedent underwent prior to his death.

13.     At no time during his life did Plaintiffs' decedent Joseph P. Keohane bring an action to recover damages for his personal injuries concerning this matter and no other action has been commenced to recover damages for his death.

5

14.    Defendant Lancaster County is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is located at 50 North Duke Street, in the City and County of Lancaster, and at all times relevant, employed the Defendants Vincent Guarini, Dr. Robert Doe, Carrie McWilliams, Bonnie Bair, Troy Waltz, and unknown staff members John Doe and Richard Roe.

15.    Defendant Vincent Guarini was, at all times relevant as described in this Complaint, the Warden of the Lancaster County Prison and was acting in this capacity as the agent, servant and employee of Defendant Lancaster County with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  As Warden he was the commanding officer of Defendants Doe, McWilliams, Bair, Waltz, and other unknown officers and prison staff and was responsible for the training, supervision and conduct of said Defendants as more fully set forth below.  He is responsible by law for enforcing the  regulations of the County of Lancaster Corrections Department and the Commonwealth of  Pennsylvania in particular Title 37 of the Pennsylvania Code and the American Correctional Association Standards and for ensuring that Lancaster County corrections officers and staff obey the laws of the Commonwealth of Pennsylvania and United States of America.  He is being sued individually and in his official capacity as Warden for the Lancaster County Prison.

16.    Defendant Robert Doe, M.D., was, at all times relevant, a duly appointed medical staff personnel of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Doe was acting in his capacity as the agent, servant and/or employee of Defendant

6

Lancaster County. He is being sued individually and in his official capacity as a Lancaster County medical staff physician.

17. Defendant Carrie McWilliams, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant McWilliams was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

18. Defendant Bonnie Bair, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Bair was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County. She is being sued individually and in her official capacity as a Lancaster County mental health counselor.

19. Defendant Troy Waltz, was, at all times relevant, a duly appointed mental health counselor of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Waltz was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County mental health counselor.

20. Defendant Corrections Officers and staff members John Doe and Richard Roe the names, gender, and numbers of whom are unknown at this time were duly appointed corrections

officers or staff members of the County of Lancaster and the Lancaster County Prison with a

business address of 625 East King Street, Lancaster, Pennsylvania, 17602.  At all times relevant,

John Doe and Richard Roe were acting in their capacities as the agents, servants and employees

of the Defendant Lancaster County.  They are being sued individually and in their official

capacities as Lancaster County Corrections Officers and/or Lancaster County staff employees.


**CAUSE OF ACTION**

**COUNT ONE**
**PLAINTIFFS**
**V.**
**DEFENDANTS GUARINI, DOE, MCWILLIAMS, BAIR, WALTZ, and UNKNOWN**
**DEFENDANTS JOHN DOE AND RICHARD ROE**


Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 20 ,

the same as if set forth at length herein.

21.     On or about November 21, 2006, Plaintiffs' decedent, Joseph P. Keohane

hereinafter "Keohane" was incarcerated at the Lancaster County Prison.

22.     Upon information and belief, from November 21, 2006 until on or about

November 23, 2006, Plaintiffs' Decedent was, for various periods of time, housed in the medical

housing unit on a suicide watch.

23.     Upon information and belief, defendants knew that Keohane was evaluated at

Lancaster General Hospital immediately prior to his incarceration on November 21, 2006, due to

his threats to commit suicide.

24.     Upon information and belief, throughout the course of Plaintiffs' Decedent's incarceration from November 21, 2006 through November 23, 2006, he consistently threatened to commit suicide due to severe emotional distress and mental illness.

25.     Upon information and belief, Plaintiffs' decedent advised Defendant Counselors McWilliams, Bair and Waltz, as well as other unknown prison staff of his intent to commit suicide.

26.     Defendants were aware of Keohane's extreme emotional upset and threats of suicide, however, refused to arrange to have the Decedent thoroughly evaluated by a licensed counselor or psychiatrist or offer counseling in an attempt to diffuse the situation.

27.     Defendant, Dr. Robert Doe, was or should have been aware of information provided by Plaintiffs' Decedent and Lancaster County Prison Personnel that Decedent suffered from mental illness yet failed to place or  maintain Keohane on suicide watch where he could be properly monitored.

28.     Defendant, Dr. Doe knew or should have known of defendants repeated threats of suicide and suicidal behavior but failed to provide reasonable medical care by examining Decedent in person and/or referring Decedent for an examination by a psychiatrist to ensure his safety.

29.     Defendant Carrie McWilliams, was aware of information provided by Plaintiffs' decedent and Lancaster Prison Personnel that Decedent suffered from mental illness yet failed to take necessary and reasonable steps to ensure that Decedent was properly monitored and failed to arrange for Keohane to be seen by a psychiatrist or to ensure his safety.  Further, upon

information and belief, defendant McWilliams released Keohane from suicide watch despite the fact that decedent remained suicidal.

30.     Defendant Bonnie Bair, was aware of information provided by Plaintiffs' decedent and Lancaster Prison Personnel that Decedent suffered from mental illness yet failed to take necessary and reasonable steps to ensure that Decedent was properly monitored and failed to arrange for Keohane to be seen by a psychiatrist or to ensure his safety.  Further, upon information and belief, defendant Bair released Keohane from suicide watch despite the fact that decedent remained suicidal.

31.     Defendant Troy Waltz, was aware of information provided by Plaintiffs' decedent and Lancaster Prison Personnel that Decedent suffered from mental illness yet failed to take necessary and reasonable steps to ensure that Decedent was properly monitored and failed to arrange for Keohane to be seen by a psychiatrist or to ensure his safety.  Further, upon information and belief, defendant Waltz released Keohane from suicide watch despite the fact that decedent remained suicidal

32.     Defendants, Carrie McWilliams, Bonnie Bair, and Troy Waltz were aware that Decedent had a positive screening for mental health issues but failed, in violation of Lancaster County Prison regulations, to refer Decedent for a full mental health evaluation.

33.     Defendants deliberately, intentionally, and/or with deliberate indifference to the Decedent's serious medical needs, failed to provide the Decedent with appropriate monitoring for a suicide watch.

34.     Despite Plaintiffs' decedent's threats to commit suicide and his clear cries for help, his pleas were ignored by Defendant's Guarini, Dr. Doe, McWilliams, Bair, Waltz, as well

as unknown prison staff and guards and the Plaintiffs' decedent committed suicide by hanging on November 23, 2006.

35.     Despite Plaintiffs' decedent's repeated threats to commit suicide and despite the knowledge of Defendants Lancaster prison staff, corrections officers and Warden Guarini that Decedent had attempted suicide in the past, Keohane was not provided with psychiatric care or medication, was denied treatment in the medical housing unit and was not appropriately monitored. Further, Decedent was placed in a cell with access to means to hang himself, all in violation of his civil rights and with deliberate indifference to his serious medical needs.

36.     On or about November 23, 2006, as a direct and proximate result of the Defendants' deliberate indifference to the Plaintiffs' Decedent's serious medical needs, plaintiffs' decedent Joseph P. Keohane committed suicide by hanging himself with a sheet from the vent grate of his cell.

37.     Defendants intentionally, with reckless indifference or with deliberate disregard denied Plaintiffs' decedent reasonable and necessary medications and medical care for his extreme emotional distress and depression without just and legal cause thereby violating Plaintiffs' decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the U.S. Constitution and Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

38.     In failing to provide appropriate medical care for the Plaintiffs' decedent's emotional distress and depression, Defendants directly violated the laws of the Commonwealth of Pennsylvania and the Rules and Regulations of Lancaster County and the Lancaster County Prison regarding medical care for inmates.

39.     As a direct and proximate result of the aforesaid actions of Defendants, Decedent Keohane suffered severe personal injuries, was forced to endure great physical pain and suffering, was forced to endure great mental and emotional pain and suffering, and death by hanging, all to his great detriment and loss.

40.     As a further direct and proximate result of the gross negligence, recklessness, carelessness, deliberate indifference and reckless disregard of Defendants, Plaintiffs' decedent Joseph P. Keohane suffered severe personal injuries including but not limited to, severe pain and suffering, and severe emotional and mental distress all of which ultimately resulted in his death.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT THREE**
**Plaintiffs**
**V.**
**MUNICIPAL DEFENDANTS WARDEN VINCENT GUARINI**
**AND LANCASTER COUNTY**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 40, the same as if set forth at length herein.

41.     Prior to November 21, 2006, municipal Defendants Warden Vincent Guarini and Lancaster County permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal deliberate indifference to the serious medical needs of inmates in that:

(a)     Municipal Defendants failed to discipline or prosecute in any manner, known incidents of abuse of powers and deliberate indifference to serious medical needs of inmates by corrections officers and staff;

(b)     Municipal Defendants refused and or failed to fully to investigate complaints of previous incidents of abuse of powers, and deliberate indifference to serious medical needs of inmates and instead officially claimed that such incidents were justified and proper; and

(c)     By means of both inaction and coverup of the deliberate indifference to serious medical needs by corrections officers and prison staff, Municipal Defendants led Defendant Corrections Officers and staff to believe that deliberate indifference to the serious medical needs of inmates was permissible.

42.     Municipal Defendants have maintained either no system or an inadequate system of review of the medical care of inmates which system has failed to identify instances of deliberate indifference to serious medical needs or failed to discipline or closely supervise or retrain prison staff who are deliberately indifferent to inmates' serious medical needs.

43.     Upon information and belief the system's deficiencies include but are not limited to:

(a)     Preparation of investigative reports designed to vindicate the indifference to serious medical needs regardless of whether such action or actions were justified;

(b)     Preparation of investigative reports which uncritical rely solely on the prison staff and corrections officers involved in the incidents and which systematically fail to credit testimony by non-staff and non-corrections officer witnesses;

(c)     Preparation of investigative reports which omit factual information and physical evidence which contradicts accounts of the staff involved;

13

(d)    Issuance of public statements exonerating staff involved in such incidents prior to the conclusion of investigations; and

(e)    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

44.    Upon information and belief, Municipal Defendants also maintain a system of grossly inadequate training pertaining to the treatment of inmates suffering with mental illness, and pertaining to the law concerning deliberate indifference to the serious medical needs of inmates.

45.    Upon information and belief, Municipal Defendants provided an inadequate number of guards, doctors, nurses and counselors in relation to the number of prisoners housed in Lancaster County Prison and inadequate medical and psychiatric support services for said prisoners thereby causing the inmates' medical and psychiatric needs to be neglected resulting in the violation of the rights of inmates including Plaintiffs' decedent.

46.    Municipal Defendants failed to promulgate and enforce a policy relating to the treatment of serious medical needs of inmates which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

47.    Municipal Defendants failed to adequately sanction or discipline officers who are aware of and subsequently conceal and/or aid in the violations of Constitutional rights of citizens, including the 4th, 8th and 14th Amendment Rights violations by other Lancaster County

Prison staff thereby causing and encouraging prison staff, including Defendant Corrections

Officers and staff, to violate the rights of citizens such as the Decedent.

48.    Municipal Defendants have intentionally and/or with conscious indifference to the

danger of harm to citizens like Decedent, established a system which fails to identify, track or

report instances of improper denial of medical or psychiatric care and which is used by Municipal

Defendants to conceal the extent to which corrections officers and staff engage in improper use

of force and improper denial of medical care.

49.    The foregoing acts and omissions, systemic deficiencies, policies, practices and

customs of Municipal Defendants have caused corrections officers and staff members of

Municipal Defendants including the named Defendants and unknown corrections officers and

staff in this case to be unaware of or to disregard the rules and laws governing medical treatment

and/or psychiatric treatment for inmates,  to believe that the denial of medical care without just

cause is a proper practice for prison staff entirely within the discretion of the officers and staff

involved, and that denial of medical and psychiatric care resulting in injury and death would not

be honestly and properly investigated, all with the foreseeable result that officers and staff

including the Defendants in the within action are more likely to improperly deny medical or

psychological care where such action is neither necessary, reasonable, nor legal.

50.    Defendants Warden Guarini and Lancaster County as a matter of policy and

practice have, with deliberate indifference, failed to adequately train, discipline, sanction or

otherwise direct corrections officers and prison staff concerning the rights of citizens and inmates

particularly with regard to the 4th, 8th and 14th Amendments Rights of the U.S. Constitution

thereby causing the Defendants in the within matter to engage in the unlawful conduct described above.

51.    Defendant Guarini and Lancaster County are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of Decedent's 4th, 8th and 14th Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

52.    As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Decedent's 4th, 8th and 14th Amendment Rights and improperly denied medical treatment and were deliberately indifferent to the serious medical needs of Plaintiffs' decedent, thereby causing severe personal injury and death, more specifically set forth in paragraphs 39 and 40 of this Complaint.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT FOUR**
**PLAINTIFFS**
**V.**
**ALL DEFENDANTS (AMERICANS WITH DISABILITIES ACT)**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 52, the same as if set forth at length herein.

16

53.    At all times relevant to this action, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*. was in full force and effect in the United States.

54.    Plaintiffs' decedent, Joseph P. Keohane enjoyed protection under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*, as a person with a disability.  Decedent suffered from depression, A.D.H.D. and drug dependence, each of which individually and together substantially limited one or more of his major life activities at the time he was incarcerated in the Lancaster County Prison.

55.    Defendants, at the time Decedent was incarcerated in the Lancaster County Prison and prior to his death, were aware that Decedent suffered from, depression, A.D.H.D. and drug dependence.

56.    Lancaster County Prison is a place of accommodation.

57.    Defendant Lancaster County owns and operates Lancaster County Prison.

58.    All other named Defendants are named in their individual and official capacities as employees of Lancaster County Prison and Lancaster County.

59.    Defendants failed to provide services to Decedent.  Defendants failed to provide Decedent with the appropriate medical and psychiatric care.  Additionally, Defendants failed to provide Decedent with appropriate housing and supervision while incarcerated in the Lancaster County Prison.

60.    Defendants, while aware of Decedent's mental health disabilities and suicidal tendencies, never provided Decedent with appropriate counseling or consultation with a licensed counselor, psychiatrist or physician, nor with any medications.  Defendants failed to house decedent appropriately and failed to provide the necessary supervision of the decedent.

61. Defendants' failure to provide Decedent with necessary housing, services and supervision occurred because of Defendants' discrimination against Decedent due to his disability.

62. Defendants, because of Decedent's disabilities, excluded Decedent from participation in appropriate housing, services and medical treatment for a person with a disability.

63. Defendants' failure to provide Decedent with necessary and appropriate housing, services, medications and supervision was the direct and proximate cause of Decedent suffering serious bodily harm including death.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT FIVE**
**PLAINTIFFS**
**V.**
**ALL DEFENDANTS (WRONGFUL DEATH)**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 63, the same as if set forth at length herein.

18

64.     On the occasion in question, Joseph P. Keohane, Decedent, was 22 years of age, in good physical health and had a reasonable life expectancy of approximately 53 more years.

65.     At the time of his death he was earning approximately 2,000.00 per year.

66.     He was the son of Lawrence J. Keohane and Patricia M. Keohane, parents, and gave help to his parents and in all reasonable probability, he would have continued to help his parents for the remainder of their lives.

67.     As a direct and proximate result of the acts and omissions of Defendants and the resultant death of Joseph P. Keohane, Decedent's surviving parents, Lawrence J. Keohane and Patirica M. Keohane, have been deprived of the emotional support, comfort, society, counsel, services and care of the Decedent all to their great detriment and loss.

68.     As a further direct and proximate result of the acts and omissions of Defendants and the resultant death of Joseph P. Keohane, it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of Joseph P. Keohane has spent or will spend the sum of approximately Four Thousand Five Hundred Dollars ($4,500.00) which sum is fair, customary, reasonable and necessary.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

19

**COUNT SIX**
**PLAINTIFFS**
**V.**
**ALL DEFENDANTS**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 68, the same as if set forth at length herein.

69.     The acts of Defendants alleged in the preceding paragraphs constitute violations of Plaintiff's constitutional rights under the 4th, 8th and 14th Amendments, 42 U.S.C. § 1983 and 42 U.S.C. §§ 12101 *et seq*.

70.     Plaintiffs are entitled to attorney's fees for the work performed by their attorneys in this action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §§ 12205.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT SEVEN**
**PLAINTIFFS**
**V.**
**DEFENDANTS GUARINI, DOE, MCWILLIAMS, BAIR, WALTZ AND OTHER**
**UNKNOWN CORRECTION OFFICERS AND PRISON STAFF NAMED HEREIN AS**
**DEFENDANTS JOHN DOE AND RICHARD ROE,**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 70, the same as if set forth at length herein.

20

71.    The herein described conduct of Defendants was malicious, wanton, willful, reckless, indifferent and intentionally designed to inflict grievous bodily harm and mental distress upon the person of the Decedent.

72.    As a result of the malicious, wanton, wilful, reckless, deliberately indifferent and intentional conduct of Defendants, Plaintiffs demands punitive demands.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT EIGHT
## JURY DEMAND

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 72, the same as if set forth at length herein.

73.    Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, Lawrence J. Keohane and Patricia M. Keohane hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

Respectfully submitted,


CRYSTLE, ALLEN & BRAUGHT, LLC



Date:_8/1/07_____          By:        _S/KCA5567_____

                                               Kevin C. Allen, Esquire
                                               Attorney for Plaintiffs, Lawrence J. Keohane and
                                               Patricia M. Keohane,
                                               Administrators for the Estate of Joseph P. Keohane
                                               Attorney I.D. No.  55232
                                               143 North Duke Street
                                               Lancaster, PA 17602
                                               Telephone:  (717) 393-0600
                                               Facsimile:  (717) 396-1028