# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE J. KEOHANE, JR., and** | **:** | **CIVIL ACTION** |
| **PATRICIA M. KEOHANE, Administrators** | **:** | |
| **for the Estate of JOSEPH P. KEOHANE,** | **:** | **NO. 07-3175** |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **CARRIE McWILLIAMS, et al.** | **:** | |
| | **:** | |
| **Defendants.** | **:** | **JURY TRIAL DEMANDED** |

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiffs Lawrence Keohane and Defendants Carrie McWilliams, Edward Sutton, Brian

Weaver, and Dr. Robert Doe propose that the Third Circuit Model Jury Instructions be utilized

where applicable. Regarding Preliminary and General Instructions, the parties jointly propose

the following instructions be read:

## PROPOSED JURY INSTRUCTION NO. 1

Mr. and Mrs. Keohane are suing Correctional Officers Sutton and Weaver, and Counselor McWilliams on behalf of the Estate of Joseph Keohane under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.1.

# PROPOSED JURY INSTRUCTION NO. 2

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you

find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of evidence.

You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil case such as this.

*M. Schwartz, Section 1983 Litigation Jury Instructions, Vol. 4 □ 2.02.1*

## PROPOSED JURY INSTRUCTION NO. 3

Mr. and Mrs. Keohane, on behalf of Joseph Keohane, must prove both of the

following elements by a preponderance of the evidence:

First: Defendants acted under color of state law.

Second: While acting under color of state law, Defendants deprived Joseph Keohane of a

federal constitutional right.

I will now give you more details on action under color of state law, after which I will

tell you the elements that Mr. and Mrs. Keohane must prove to establish the violation of

Joseph Keohane's federal constitutional right.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.3.

## PROPOSED JURY INSTRUCTION NO. 4

The first element of the claim is that Defendants acted under color of state law. This means that Plaintiffs must show that Defendants were using power that they possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Because Correctional Officers Sutton and Weaver, and Counselor McWilliams were officials of Lancaster County at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of Plaintiff's claim is not in dispute, and you must find that this element has been established.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.4;
*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.4.1.

## <u>PROPOSED JURY INSTRUCTION NO. 5</u>

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

*Model Civil Jury Instructions for the District Courts of the Third Circuit, 1.6 option 2*

## PROPOSED JURY INSTRUCTION NO. 6

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them. If an inmate is particularly vulnerable to suicide, that is a serious medical need. In this case, Plaintiff claim that [decedent] was particularly vulnerable to suicide and that Defendants violated the <u>Fourteenth Amendment</u> to the United States Constitution by showing deliberate indifference to that vulnerability.

In order to establish [his/her] claim for violation of the <u>Fourteenth Amendment</u>, Plaintiffs must prove the following three things by a preponderance of the evidence:

First: Decedent was particularly vulnerable to suicide. Plaintiffs must show that there was a strong likelihood that Decedent would attempt suicide.

Second: Defendants were deliberately indifferent to that vulnerability.

Third: Decedent would have survived if Defendants had not been deliberately indifferent.

I will now give you more details on the second of these three elements. To show that Defendants were deliberately indifferent, Plaintiffs must show that Defendants knew that there was a strong likelihood that the decedent would attempt suicide, and that Defendants disregarded that risk by failing to take reasonable measures to address it.

Plaintiffs must show that Defendants actually knew of the risk. If a prison official knew of facts that [he/she] strongly suspected to be true, and those facts indicated a substantial risk of serious harm to an inmate, the official cannot escape liability merely because [he/she] refused to take the opportunity to confirm those facts. But keep in mind that mere carelessness or

8

negligence is not enough to make an official liable. It is not enough for Plaintiff to show that a reasonable person would have known, or that Defendants should have known, of the risk to the decedent. Plaintiffs must show that the Defendants actually knew of the risk.

If Plaintiffs prove that the risk of a suicide attempt by Joseph Keohane was obvious, you are entitled to infer from the obviousness of the risk that Defendants knew of the risk. However, Defendants claim that even if there was an obvious risk, [he/she] was unaware of that risk. If you find that Defendants were unaware of the risk, then you must find that [he/she] was not deliberately indifferent.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.11-2

## PROPOSED JURY INSTRUCTION NO. 7

If you return a verdict for Mr. and Mrs. Keohane, but find that they have failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, 4.8-2.

Respectfully submitted,


/s/ Kevin C. Allen,_____        /s/ David J. MacMain_____
Kevin C. Allen, Esq. (Pa. I.D. No. 55232 )   David J. MacMain, Esq. (PA I.D. No. 59320)
Crystle, Allen & Braught, LLC        David A. Gomez (PA I.D. No. 209627)
143 North Duke Street            LAMB MCERLANE, PC
Lancaster, PA 17602             24 East Market Street, Box 565
(717) 393-0600                West Chester, PA 19381
                        (610) 430-8000


*Counsel for Plaintiffs*            *Counsel for Defendants*
                        *Carrie McWilliams, Edward Sutton, and Brian Weaver*


/s/ Neil L. Albert _____
Neil L. Albert, Esq. (PA I.D. No. 23368)
Zimmerman, Pfannebecker Nuffort & Albert, LLP
22 South Duke Street
Lancaster, PA  17602
(717) 299-0711


*Counsel for Defendant Dr. Robert Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November 2011, the Proposed Joint Jury

Instructions was filed electronically and is available for viewing and downloading from the ECF

system:

**Counsel for Plaintiff**
Kevin C. Allen, Esq.
Crystle, Allen & Braught, LLC
143 North Duke Street
Lancaster, PA  17602

**Counsel for Robert Doe, M.D.**
Neil L. Albert, Esq.
22 South Duke Street
Lancaster, PA  17602

/s/ David A. Gomez
David A. Gomez