IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. KEOHANE, JR., and PATRICIA M. KEOHANE, Administrators for the Estate of JOSEPH P. KEOHANE, | : CIVIL ACTION<br>:<br>: NO. 07-3175 |
| Plaintiffs, | : |
| v. | : |
| CARRIE McWILLIAMS, et al. | : |
| Defendants. | : JURY TRIAL DEMANDED |

## O R D E R

AND NOW, this _____ day of _____ 2011, upon consideration of Defendants' Motion To Preclude Evidence of Alleged Deficient Prison Policies or Violations of Then Existing Policies, and any opposition thereto, it is hereby ORDERED that Defendants' Motion is GRANTED, and Plaintiffs are hereby PRECLUDED from suggesting, making any reference to, or introducing any evidence at trial regarding any previously existing policies or any alleged violations thereof.

BY THE COURT:

_____
Honorable Mitchell S. Goldberg

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. KEOHANE, JR., and PATRICIA M. KEOHANE, Administrators for the Estate of JOSEPH P. KEOHANE, | : CIVIL ACTION : : NO. 07-3175 |
| Plaintiffs, | : |
| v. | : |
| CARRIE McWILLIAMS, et al. | : |
| Defendants. | : JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION TO PRECLUDE EVIDENCE OF ALLEGED DEFICIENT PRISON POLICES OR VIOLATIONS OF THEN EXISTING POLICIES

Pursuant to Federal Rule of Evidence 402, Defendants Carrie McWilliams, Edward Sutton, and Brian Weaver, by and through their counsel, respectfully move for an Order precluding any and all evidence of any alleged deficient prison policies or violations of then existing policies. The grounds of this Motion are more fully set forth in the accompanying Brief in Support of Defendants' Motion.

Respectfully submitted,

Dated: November 22, 2011

/s/ David J. MacMain
David J. MacMain, Esquire (PA I.D. No. 59320)
David A. Gomez (PA I.D. No. 209627)
LAMB MCERLANE, PC
24 East Market Street, P.O. Box 565
West Chester, PA 19381
(610) 430-8000

*Counsel for Defendants*
*Carrie McWilliams, Edward Sutton, and Brian Weaver*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE J. KEOHANE, JR., and PATRICIA M. KEOHANE, Administrators for the Estate of JOSEPH P. KEOHANE, : Plaintiffs, : v. : CARRIE McWILLIAMS, et al. : Defendants. | : CIVIL ACTION : : NO. 07-3175 : : : : : : : : JURY TRIAL DEMANDED |

### DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE EVIDENCE OF ALLEGED DEFICIENT PRISON POLICIES OR VIOLATIONS OF THEN EXISTING POLICIES

**I. INTRODUCTION**

Defendants, by and through their undersigned counsel, file this Motion to Preclude the Introduction of Evidence of Alleged Deficient Prison Policies or Violations of Existing Policies under Rule 402 of the Federal Rules of Evidence, because such evidence is wholly irrelevant to the issues remaining in the case. Namely, the *Monell* and supervisory claims as asserted against the County and Prison administrators were dismissed by This Court via summary judgment, and thus, Plaintiffs' claims that the policies and practices of Lancaster County Prison (LCP) has been ruled by this Court to be without merit and no longer a part of this case. Rather, all that remains are claims against 2 correctional officers and a counselor (and co-defendant Dr. Robert Doe), in which Plaintiffs must prove that (1) the decedent had a "particular vulnerability to suicide," (2) these individual Defendants knew or should have been aware existed; and (3) these individual Defendants were deliberately indifferent to that vulnerability. Accordingly, evidence

1

and testimony relating to whether LCP policies and procedures should have been different or could have been better structured – which allegations were denied by the County and supervisory officials, and which were rejected and dismissed by This Court, are no longer a part of this case, and are wholly immaterial to the claims that remain.

As such claims and evidence made up a significant part of Plaintiffs' case, and was the primary, if not exclusive, subject matter of each of Plaintiffs' experts reports, many of the witnesses listed in Plaintiffs' (original) Pretrial Memorandum and many of Plaintiffs' exhibits listed in Plaintiffs' (original) Pretrial Memorandum, it was hoped that the recently filed Amended Pretrial Memorandum filed by Plaintiff after This Court had dismissed Plaintiffs' *Monell* and supervisory claims would eliminate many of these 'policy' witnesses and exhibits. They were not.

Thus, in an attempt to not burden the Court with unnecessary motion practice, the Defendants have attempted to work with Plaintiffs' counsel over the previous three weeks regarding certain witnesses and evidence to be used at trial in the hope that an agreement could be reached to eliminate or at least limit such policy evidence which is no longer relevant in the case. While some discussion has been fruitful, it still appears that Plaintiffs intend to rely heavily on evidence of what they will claim are deficient policies and procedures of Lancaster County Prison. Accordingly, Defendants file the present motion to both raise this issue for further discussion at the upcoming Final Pretrial Conference, and hopefully avoid frequent and unnecessary objections at trial.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs, Lawrence and Patricia Keohane (hereinafter "Mr. Keohane" and "Mrs. Keohane," or collectively "Plaintiffs") brought this action on behalf of Joseph Keohane (hereinafter "Keohane" or "Decedent"), their adult son who died while incarcerated at Lancaster

2

County Prison ("LCP") from November 21 through November 23, 2006. Contrary to Plaintiffs' current representations, they have testified that Keohane had no prior history of mental illness, apart from substance abuse and a possible childhood diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD"),[1] and that Keohane had never attempted to commit suicide prior to November 23, 2006, despite using threats to commit suicide to manipulate his family members.[2]

In their Complaint, Plaintiffs filed multiple counts including claims against LCP, its administrators and supervisors for alleged deficient policies and practices. Indeed, such claims pre-dominated Plaintiffs' Complaint, their two expert reports and their opposition to Defendants' Summary Judgment Motion. This Court rejected these *Monell*, supervisory, and policy claims and left only a single claim against the two correctional officers on duty on the date of Decedent's death, and the mental health counselor who, like Plaintiff parents and doctors at Lancaster General Hospital, did not believe Keohane to be suicidal[3]. This sole reaming claim requires the three elements as listed above, and the propriety, wisdom or suggested changes to LCP policies and practices on an institutional level have been already determined by This Court to be irrelevant and no longer a part of this case. Yet, it would appear that Plaintiffs may still attempt to introduce such evidence.

Namely, Plaintiffs' counsel has stated that he intends call (1) Warden Vincent Guarini, and Robert Siemasko - former Deputy Warden in charge of treatment; and (2) his experts Dr. Mary West and Dr. Raymond Patterson - the vast majority of whose reports are devoted to policy issues.

---

[1]  *See* Deposition Transcript of Patricia and Lawrence Keohane, June 26, 2008, beginning at 9:19 a.m. ("Keohanes Dep., Part I"), at 29:1 – 30:5. *See also generally* Keohanes Dep., Part I, at 22:17 – 35:12.

[2]  *See* Keohanes Dep., Part I, at 35:1–12.

[3]  Plaintiffs' claim against co-defendant Dr. Robert Doe remains and is, in essence the same claim that is asserted against moving defendants.

For example, Dr. Patterson's report, a copy of which is attached hereto as Exhibit "A", sets forth the following 2 opinions at page 10 of his report (1) medical staff misdiagnosed Keohane and violated LCP Policy; and (2) LCP had inadequate policies. Likewise, Dr. West's report, which is attached as Exhibit "B", contains several opinions – most of which pertain to policy issues that are no longer in the case such as (1) LCP "procedures" were not sufficient (see page 16 – Opinion 1); (2) LCP's supervision and enforcement of policies and procedures were deficient ( see page 16 – Opinion 2); and (3) "It is my opinion that **LCP** was indifferent" and the suicide was a direct result of "the failures of **LCP,** its staff and management . . . [in not] effectively implement[ing] their policies, procedures . . . ." (see page 17 – Opinion 4).

These opinions apply to issues and parties no longer in the case and are not relevant to whether the remaining individual defendants were aware of a serious medical need (i.e suicide), and were nevertheless deliberately indifferent. Accordingly this should be precluded under Rule 402 of the Federal Rules of Evidence.

As Plaintiffs' *Monell* claim has been dismissed, the sole issue is the conduct of the individuals, and *not* the policies, procedures, and training of Lancaster County Prison.

### III. <u>ARGUMENT</u>

#### A. Evidence Critical Of And Related To Lancaster County Prison's Policies, Procedures and Supervision Should Be Excluded Under Rule 402

Any and all documentary evidence or testimony concerning policies and procedures of Lancaster County Prison, as to suicide prevention are irrelevant and inadmissible, because this Court has already dismissed Plaintiffs' *Monell* claim against Lancaster County Prison, and thus, any such testimony or evidence is irrelevant to Plaintiffs' remaining claims against the individual Defendants. Indeed, such evidence would additionally be contrary to This Court's ruling that such policies and practices were not Constitutionally deficient.

4

Under the Federal Rules of Evidence, only relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, to be admissible, evidence must be probative, meaning that the evidence advances the inquiry toward proving or disproving a material issue. *See, e.g., Bowers v. Garfield*, 382 F. Supp. 503, 510 (E.D. Pa. 1974); *Stauffer v. McCrory Stores Corp.*, 155 F. Supp. 710, 712 (W.D. Pa. 1957); *see also* McCormick on Evidence § 185 (2003) ("In sum, relevant evidence is evidence that in some degree advances the inquiry. It is material and probative.")

Notwithstanding this Court's dismissal of Plaintiffs' *Monell* claim, Plaintiffs' appear to intend to rely heavily on testimony and documentary evidence relating to the customs and practices of Lancaster County Prison. For example, in their Amended Pretrial Memorandum, Plaintiffs state that Defendants Carrie McWilliams, Dr. Robert Doe, Warden Vincent Guarini, former Deputy Warden Robert Siemasko, and Plaintiff's experts Mary West, Ed.D, and Dr. Patterson will all testify, in large part, as to Lancaster County's customs, policies, and practices regarding mental health and suicide status. *See* Plaintiffs' Amended Pretrial Memo. at pp. 4-5. Plaintiffs' intend to further offer numerous exhibits relating solely to the policies and practices of Lancaster County Prison. *Id.* at p. 8.

The policies, procedures, and supervision provided by Lancaster County Prison are irrelevant to Plaintiffs' remaining Fourteenth Amendment claim. Rather, to prevail on their claim, Plaintiffs must demonstrate that Keohane had "a particular vulnerability to suicide." *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Likewise and additionally, Plaintiffs must also establish that the remaining individual defendants "knew or should have

5

known" of any such "strong likelihood" – and that they "acted with deliberate indifference" to any such "strong likelihood." *Id.* Absent Plaintiffs' *Monell* claim, the testimony of the above witnesses and any documentary evidence concerning policies and practices, are completely irrelevant and have no bearing on whether Keohane had a "particular vulnerability to suicide," or whether the Defendants "knew or should have known" of that vulnerability, or whether they were "deliberately indifferent" to that vulnerability. To the contrary, the actions and/or inactions of each individual Defendant are all that are relevant to Plaintiffs' claims, not general policies of the Prison, or alleged deficiencies in LCP's policies or supervision.

Any and all documentary evidence or testimony concerning policies and procedures of Lancaster County Prison, as to suicide prevention are irrelevant and inadmissible, because this Court has already dismissed Plaintiffs' *Monell* claim against Lancaster County Prison, and thus, any such testimony or evidence is irrelevant to Plaintiffs' remaining claims against the individual Defendants. As a result, this type of evidence and/or testimony should be precluded as irrelevant under Fed. R. Civ. P. 401.

### B. Evidence of Policy Violations Should Be Excluded Under Rule 403

Likewise, it is anticipated that Plaintiffs will argue that violations of Lancaster County Prison policy contributed to the Decedent's death. Because such evidence is unfairly prejudicial to the Defendants, it should be excluded under Rule 403 because internal policy violations are not evidence of constitutional violations.

Federal Rule of Evidence 403 prohibits evidence, which may be relevant, that has the potential to confuse the issues or mislead the jury. Fed. R. Evid. 403. Internal policy violations are not, in and of themselves, proof of constitutional violations and a court may even exclude evidence of these violations at trial. *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d

Cir. 2009). In *McKenna*, the plaintiff brought a complaint alleging constitutional violations against the City of Philadelphia and various individual police officers. *Id.* at 452. In an attempt to prove violations of his constitutional rights, the plaintiff attempted to introduce evidence, policy directives set forth by the police department, in order to show that the individual officers had violated established policy and therefore were liable for violating the plaintiff's constitutional rights. *Id.* at 461.

Not only did the trial court not accept this as proof of constitutional violations, the court would not even allow the evidence to be presented at trial finding that "the directives had the potential to lead the jury to equate local policy violations with constitutional violations, and that the risk of confusing the issues substantially outweighed the directives' probative value." *Id.* at 461. Thus, the evidence was barred under Federal Rule of Evidence 403. The Third Circuit Court of Appeals approved this reasoning and found no abuse of discretion on the part of the trial court. *McKenna*, 582 F.3d at 461.

Here, the situation is almost identical to that in *McKenna*; the plaintiff is trying to equate internal policy violations with constitutional violations. While the Defendants may or may not have violated policies of the Lancaster County Prison, this does not show automatic constitutional liability or that the elements of a constitutional claim have been satisfied. The court in *McKenna* correctly acknowledged this fact when they barred evidence of policy violations from being presented at trial. When deciding if constitutional rights have been violated, it is the Constitution which is controlling, not internal policies.

Further, The Third Circuit stated in *McKenna* that evidence showing policy violations is barred under Rule 403 because of the serious potential this evidence has of confusing the issues and leading the jury to incorrectly equate policy violations with constitutional violations. The

evidence of policy violations in this case carries the same risk as the evidence of policy violations in *McKenna*; it is much too likely that the jury will be confused or misled by the introduction of policy violations and equate them to constitutional violations. Therefore, the Court should not allow evidence of any internal policy violations to be presented and they should not use these violations as a basis for constitutional liability.

IV. **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Honorable Court preclude any and all testimony and/or evidence at trial concerning, related to, and/or referring to allegedly deficient Lancaster County Prison policies, procedures, and/or supervision, as well as any evidence of alleged violation of any such policies by the individual defendants who remain in this case.

Respectfully submitted,

Dated: November 22, 2011

/s/ David J. MacMain
David J. MacMain, Esquire (PA I.D. No. 59320)
David A. Gomez (PA I.D. No. 209627)
LAMB MCERLANE, PC
24 East Market Street, P.O. Box 565
West Chester, PA 19381
(610) 430-8000

*Counsel for Defendants*
*Carrie McWilliams, Edward Sutton, and Brian Weaver*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2011, the foregoing Lancaster Defendants' Motion and Supporting Brief were filed electronically and is available for viewing and downloading from the ECF system by the following parties:

**Counsel for Plaintiff**
Kevin C. Allen, Esq.
Crystle, Allen & Braught, LLC
143 North Duke Street
Lancaster, PA 17602

**Counsel for Robert Doe, M.D.**
Neil L. Albert, Esq.
22 South Duke Street
Lancaster, PA 17602

/s/ David A. Gomez
David A. Gomez